UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Beatrice E. Weaver, and Gary Weaver, | ) | C/A No. 4:14-2698-RBH-KDW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Dillon Department of Social Services; | ) | |
| Jackie Rowland; | ) | |
| Karen English; | ) | |
| Pansy Page McElveen; | ) | |
| Dillon Internal Medicine Associates P.A.; | ) | |
| James P. Wallace, M.D.; | ) | |
| Felicia Gainey; | ) | |
| Harriet Shealey; | ) | |
| Cottonwood Villa Assisted Living Facility, Inc.; | ) | |
| Dillon County Sheriff's Office; | ) | |
| Deputy Johnnie May Smith; | ) | |
| Deputy Chaddie Hayes; | ) | |
| Deputy Linda Maimquist; | ) | |
| Dillon County Emergency Medical Services; | ) | |
| Florence Visiting Nurses Services, Inc.; | ) | |
| John D. McInnis; | ) | |
| John Does 1-10, and | ) | |
| Doe Partnerships, Corporations and/or other Entities 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs, appearing pro se, filed this action in the Dillon County Court of Common Pleas in February 2014. Plaintiffs' lengthy Complaint alleges many violations of federal and state constitutional rights, numerous claims brought pursuant to the South Carolina Tort Claims Act, as well as other state-law-based personal injury claims, and state-law fraud/breach of fiduciary duty claims arising from the involuntary removal of Plaintiff Beatrice E. Weaver from Plaintiffs' residence and her placement in a nursing home in February 2012. *See* ECF No. 1. Several Defendants removed the matter to this court on July 2, 2014. *See* ECF No. 1.

Various defendants or groups of defendants filed motions to dismiss pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, seeking dismissal of the Complaint. Several such motions were filed on July 3, 2014, the day after the case was removed. *See* ECF Nos. 4, 5, 6, 11. As Plaintiffs are proceeding pro se, on July 17, 2014, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiffs of the importance of motions to dismiss and of the need for Plaintiffs to file adequate responses to those motions. ECF No. 20. Plaintiffs were informed that their responses to the motions found at ECF Nos. 4, 5, 6, and 11 were due no later than August 21, 2014. ECF No. 20. Plaintiffs were specifically advised that if they failed to respond adequately, Defendants' motions may be granted and their case could be ended.

Before that August 21, 2014 deadline expired, two more motions to dismiss were filed. ECF Nos. 24 (filed July 19, 2014) and 33 (filed July 23, 2014). *Roseboro* orders were issued for those motions, as well. ECF Nos. 28 (advising Plaintiffs they had to respond to ECF No. 24 no later than August 25, 2014) and 41 (advising Plaintiffs they had to respond to ECF No. 33 no later than September 5, 2014). Again, Plaintiffs were specifically advised that if they failed to respond adequately, Defendants' motions may be granted and their case could be ended.

In a motion the court received on August 8, 2014, Plaintiffs sought extensions of the deadlines within which to respond to the various pending motions to dismiss. ECF No. 45. In the Motion, Plaintiffs acknowledged receipt of the court's *Roseboro*[1] orders requiring responses to these motions to dismiss by August 21, 2014, August 25, 2014, and September 5, 2014. ECF No. 45. Plaintiffs sought to have each deadline extended by 35 days each. *Id.* at 3. Given the number of pending dispositive

---

[1] Although Plaintiffs referred to the orders setting the responsive deadlines as "so called *Roxboro* orders," ECF No. 45-1 at 2, they are referencing the *Roseboro* orders.

2

motions, rather than extend the individual deadlines by the requested 35 days, the court granted Plaintiffs' motion in a docket text order on August 12, 2014, and gave Plaintiffs until **October 10, 2014** to respond to all then-pending motions (ECF Nos. 4, 5, 6, 11, 24, and 33). ECF No. 47.

In response to Plaintiffs' letter dated September 4, 2014, ECF No. 60, advising they had not received any filings with the docket numbers ECF No. 41-51, the court provided them with a copy of the court's docket sheet that included all entries as of the September 9, 2014 date of mailing. *See* ECF No. 63. The docket sheet provided included the docket text order advising Plaintiffs their responses to the pending motions were due by October 10, 2014. *See* ECF No. 63. That information was mailed to Plaintiffs by both regular and certified mail. The mail was not returned as undeliverable, and the certified mail packets were received by Plaintiffs. *See* ECF Nos. 65, 67, 68, 71.

On October 8, 2014, another motion to dismiss was filed. ECF No. 72. Again Plaintiffs were provided with a *Roseboro* order, advising them of the importance of responding to that motion and noting their response was due by November 13, 2014. ECF No. 75. Plaintiffs provided no response to that motion, nor did they contact the court regarding that motion or deadline.

Finally, on November 20, 2014, the court again advised Plaintiffs of the importance of responding to these various pending dispositive motions and that, if they did not respond, it would be recommended that their case be dismissed for failure to prosecute. ECF No. 79 (requiring responses no later than December 4, 2014). Out of an abundance of caution, the court instructed the Clerk of Court to send the November 20, 2014 Order to Plaintiffs by both regular and certified mail. The certified mail receipts were signed, indicating both Plaintiffs received the November 20, 2014 Order. *See* ECF Nos. 82, 83. Nonetheless, despite having been advised of the importance of responding to each of these motions (ECF Nos. 4, 5, 6, 11, 24, 33, and 72), Plaintiffs have submitted no responses by any of the

3

court-ordered deadlines, nor have they communicated further with the court regarding such deadlines. As such, it appears to the court that Plaintiffs do not oppose the pending dispositive motions and wish to abandon this action. Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

The Clerk of Court is instructed to send this Order to Plaintiffs at their last-known address by way of both regular and certified U.S. Mail.

IT IS SO RECOMMENDED.

December 9, 2014                                                             Kaymani D. West
Florence, South Carolina                                                United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

4